## CARPENTER v. PARKER et al.

1. **Appeal:** TO SUPREME COURT. An appeal is taken in time when notice thereof is served on the appellee and the clerk of the District Court, before the expiration of one year from the date of the decision, though the transcript is not filed until after that time.

2. **Practice:** INCOMPLETE RECORD: LOST INSTRUMENT. The Supreme Court will not review the action of the District Court in admitting in evidence a certain military order under which defendants justified in an action for false imprisonment, when the order is certified by the clerk to be lost and no copy is embodied in the record.

3. **Evidence:** MILITARY ORDER: MITIGATION. While an order issued by the adjutant-general, by order of the executive, to the officers of a company of State militia, for the arrest of certain supposed disloyal persons alleged to be connected with the assassination of some government officers, might not justify nor fully excuse such militia officers, in an action against them for assault and false imprisonment in making such arrest, it would, nevertheless, be admissable to palliate their acts, and mitigate the damages.

4. **Instructions:** GENERAL EXCEPTION INSUFFICIENT: PRACTICE. A general exception to a charge containing several instructions, some of which are correct, raises no question for review in the Supreme Court.

*Appeal from Tama District Court.*

TUESDAY, DECEMBER 17.

PRACTICE: EVIDENCE: INSTRUCTIONS: EXCEPTIONS. — Action for assault and battery, false imprisonment and trespass.

Defense—First, in denial. Second, justification, under an order or orders issued by the governor, Wm. M. Stone, by N. B. Baker, adjutant-general of Iowa, directed to Captain W. R. Lewis and L. F. Parker, commanding them to take their companies of State militia and arrest the plaintiff and others, who were a pretended company of militia whose members were charged with the recent murder of John M. Woodruff and John L. Bashore (deputy U. S. marshal). Copies of the orders (which are alleged to have been given in October, 1864) are not set out in the answer.

Trial to jury. Verdict for the defendants. Plaintiff appeals.

*Martin & Murphy* for the plaintiff.

*G. R. Shays* for the defendants.

DILLON, J.—I. Defendants' motion to dismiss the appeal must be overruled. The appeal was taken in time.

1. APPEAL: to Supreme Court. The judgment was rendered September 21, 1866. Appeal notices on both the clerk and the defendants were served in March, 1867, and the record filed in this court in October of the year last named.

II. In disposing of the plaintiff's appeal, we notice only those points which are insisted upon in the printed argument of his attorney. And first, it is claimed that the court erred in admitting in evidence for the defendants, an order purporting to have been issued by Adjutant-General Baker, of the general character referred to in the statement. The bill of exceptions recites "that an order was introduced in evidence in the words following:"

2. PRACTICE: incomplete record: lost instrument.

But the clerk certifies "that the order cannot be found among the files," and it is not copied or set out. We

do not know what it was. It is plain, therefore, that we cannot hold that the court erred in admitting it as evidence. This is one answer; and another is, that the record does not show that the plaintiff excepted to the ruling of the court allowing the reception of the order as testimony.

Again, if the order be as claimed in the appellant's brief, while it might be conceded for the argument that

3. EVIDENCE: military order: mitigation. it would not justify, that is, wholly excuse defendants' alleged acts, it would, nevertheless, be proper as evidence to palliate such acts or to mitigate damages.

III. It is next urged that the court erred in its charge to the jury. The charge is lengthy, covering several

4. INSTRUCTION: general exception. pages. It is not, and cannot be claimed that it is, all erroneous. The exception was general, at the end of the charge, as follows: " To the giving of which the plaintiff then and there and at the time, objected and excepted (to each and all instructions)." That this is not sufficient, will be seen by reference to the following cases decided by this court: *Dav. Gaslight, etc., Co.* v. *City of Davenport,* 13 Iowa, 229, 237; Id. 330, 336; Id. 532; *Brown* v. *Jefferson Co.,* 16 Id. 339; *Peck* v. *Hendershott,* 14 Id. 40. This point is made and insisted upon by the appellee's attorney. It is well taken, and we are not at liberty to disregard it. This result makes it unnecessary, if not improper, to enter upon an examination of the interesting questions of law discussed by the respective attorneys relative to the powers of the Executive, the duty of obedience to executive orders, and how far they will in law operate to shield and protect those who act under them.

                                                            Affirmed.