## MERSHON v. THE NATIONAL INSURANCE CO.

1. Instructions: EXCEPTIONS TO: PRACTICE. A general exception to a charge embracing a series of instructions, any one of which states the law correctly, raises no question for review by the supreme court.

2. Insurance: WAIVER OF CONDITIONS. The receipt of premiums by an insurance company, with full knowledge of facts constituting a breach of one of the conditions of the policy on the part of the assured, operates as a waiver on the part of the company of the right to insist that the policy is forfeited by reason of such breach. Following *Viele* v. *The Germania Ins. Co.*, 26 Iowa, 9.

3. Verdict and jury: SPECIAL FINDINGS. To justify a judgment upon a special verdict, contrary to the general verdict, it must affirmatively appear that the latter is inconsistent with the former.

4. Insurance: CONDITION AGAINST ASSIGNMENT. A condition in a policy of insurance to the effect that if the policy shall be assigned, either before or after loss, without the consent of the company, the assured shall not be entitled to recover from the company any loss occurring, will not, especially in view of section 1798 of the Revision, preclude the assignee of the policy from recovering.

*Appeal from Lee Circuit Court.*

FRIDAY, MARCH 29.

ACTION upon a policy of insurance on a stock of saddlery, leather, tools, etc., in Keokuk. The petition contains the

usual averments of the execution of the policy, the loss, the proof of loss, non-payment, etc. The answer is in denial, and also averring a warranty contained in the application, and a breach of it; fraudulent overvaluation; false statements in proof of loss, and assignment of the policy after loss, contrary to its express conditions. The trial was to a jury, who returned a general verdict for plaintiff for $1,225.80, and also, special findings in response to questions submitted to them. Judgment being rendered on the verdict for plaintiffs, the defendant appeals.

*J. H. Craig* for the appellant.

*Gillmore & Anderson* for the appellee.

COLE, J.— I. We will dispose of the alleged errors in the order they are assigned by counsel. The court gave

1. INSTRUC-TIONS: exceptions to: practice. four instructions asked by plaintiff; " and the defendant at the time excepted to the giving of said instructions." The court, on its own motion, gave six instructions, " and to the giving of said instructions the defendant excepted at the time." The defendant asked six instructions; the court gave the first and fifth, and refused the others as asked, but made certain modifications and then gave them; "and to the said modifications of said instructions, defendant excepted at the time." It has been often held by this court, that this manner of excepting to a series of instructions is too general and indefinite to justify us in reviewing each instruction in the series; that it is due to the court trying the cause that its attention be called particularly to the alleged error, and that such exception is unavailing if there is any paragraph of the series which states the law correctly. See *Carpenter* v. *Parker*, 23 Iowa, 450, and the cases there cited. The appellees' counsel make this point, and we must, under our previous ruling, hold it well taken. No claim is made by appellant's counsel, but that

the fourth instruction asked by plaintiff, and also the fourth given by the court, are good law.

The modification made to the second instruction asked by defendant was, in substance, that receiving the premium

2. INSURANCE: waiver of: conditions. on the policy, with full knowledge, and after the occurrence of the facts upon which defendant might declare it forfeited, would amount to a waiver of defendant's right to treat it as forfeited. The modification was right. This was so held in *Viele* v. *The Germania Ins. Co.*, 26 Iowa, 9 (*i. e.*), 55, which see, and also the cases there cited. This disposes of all the questions made upon the instructions.

II. The court, at the request of the defendant, submitted, among others, two questions for special answers or find-

3. VERDICT AND JURY: special findings. ings by the jury. The answers disclosed the facts that the building adjoining the one which contained the insured property, was occupied as a fruit store in front and a furniture repair shop in the rear, and was so occupied at the time the policy was applied for. It also appeared from the written application for the insurance, which was signed by the insured, and was by its terms a warranty, that this building was occupied as a fruit store. The difference between the facts and the statements of the application, was made one ground of defense in the answer. After the return of the special findings by the jury, the counsel for defendant moved for judgment for defendant on these two special findings, notwithstanding the general verdict for plaintiff. This motion was overruled and constitutes the basis for the next assigned error.

The evidence in the case is not embodied in the transcript or abstract brought to this court. But it appears from the other special findings of the jury, that the agent who took the application from the insured, had authority from the defendant, not only to receive applications, but also to issue policies; that the application in this case was made out by said agent who was on the ground in person,

examined the risk, and made the diagram on the back of the application, and in which diagram was contained, in the said agent's handwriting, the words "*fruit store*," which is the breach of warranty claimed, and constituting the basis for this motion. Since we have not before us the evidence upon which the jury based their general verdict, we cannot know but that it fully justified that verdict upon the facts and doctrine of the case of *Anson* v. *Winneshiek Ins. Co.*, 23 Iowa, 84. On the contrary, we must presume that the verdict was supported by sufficient evidence. The general verdict might therefore have been properly found, notwithstanding the answers to the two questions as above set out. To justify a judgment upon a special verdict, contrary to the general verdict, it must affirmatively appear that the latter is inconsistent with the former. *Bonham* v. *The Iowa Cent. Ins. Co.*, 25 Iowa, 328; *Hardin* v. *Branner*, id. 364. It does not so appear in this case.

III. The policy was obtained by and issued to one F. G. Mershon, "loss, if any, payable to G. Mershon as his claim 4. INSUR- may appear." It contained also a condition
ANCE:
condition as follows: "Or, if this policy shall be as-
against as-
signment. signed either before or after a loss, without the consent of the company indorsed thereon; * * * * * then, and in every such case, the assured shall not be entitled to recover from the company any loss or damage which may occur in or to the property hereby insured, or any part or portion thereof." The policy was assigned, or rather, the right of the assured therein was released to G. Mershon, who held a mortgage upon the insured property for an amount greater than the loss, and this action is brought in his name.

It is now claimed, by defendants' counsel, that the above condition against the assignment of the policy will defeat the action. We agree with the court below that it will not. There are several reasons for this conclusion. We state two: 1st. The condition itself only provides " that

the *assured* shall not be entitled to recover." Of course not; for if he has assigned the policy after loss, the assignee, and not the assured, is entitled to recover. This action is brought by the assignee, and there is nothing in the above condition prohibiting him from being entitled to recover. 2d. The contract of insurance upon which this action is brought, was made, executed and delivered in this State; and our statute provides, as follows: " Section 1798 (951). When, by the terms of an instrument, its assignment is prohibited, an assignment of it shall, nevertheless, be valid, but the maker may avail himself of any defense, or set-off, legal or equitable, against the assignee, which he may have against any assignor thereof before suit is commenced." Therefore, even if the assignment was prohibited by the condition of the policy, under this statute an assignment of it would, nevertheless, be valid. And it might be further said, that our general statute, which provides that " every action must be prosecuted in the name of the real party in interest," etc. (Rev., § 2757), would authorize this plaintiff to maintain this action in his own name, under the circumstances, without any assignment.

Affirmed.