CLOSE v. ATKINS.

**Verdict:** SPECIAL: GENERAL. When both a general and a special ver-
dict are returned, it must affirmatively appear that the former is incon-
sistent with the latter to justify a judgment upon the special verdict.
The general verdict will not be overthrown upon the mere presumption
of inconsistency.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 7.

ACTION upon a written contract for the delivery of 200,000
brick at the price of $8.50 per M., which plaintiff undertook
to furnish defendant. The petition alleges that in pursuance·
of the contract the brick were delivered, and admits certain
payments therefor.

The answer denies the delivery of the brick pursuant to the
contract, and sets up certain payments thereon. It avers that
a part of the brick delivered were of an inferior quality, and
unfit for use, and that defendant was compelled to purchase
other brick, whereby he sustained damages in the sum of
$188.

Other matters are set up in the petition, which need not be
here stated.

The cause was submitted to a jury, who returned a general
verdict for plaintiff in the sum of $194.10, and the following
special findings among others, in answer to questions sub-
mitted to them:

" Were the brick delivered such as were described in the
contract as to size and quality?"

Answer.—" Part of them."

" Were the brick delivered of good merchantable quality,
and of full size?"

Answer.—" Part of them."

" How many brick were delivered, and when?"

Answer—" 180,000, during the season of 1866."

What were the brick delivered worth per thousand?"

Answer.—" Part of them $5.66⅔ per thousand, and. part $8.50."

The plaintiff moved for a judgment upon the special finding in the sum of $544.08. The motion was overruled, and judgment rendered on the general verdict. Plaintiff appeals.

*John D. Rivers*, for appellant.

*Parsons & Lewis*, for appellee.

BECK, J.—We can, by inference or presumption, add nothing to and take nothing away from a verdict, either special or general. It must be sufficient in itself to authorize judgment thereon. And to justify a judgment on a special finding contrary to a general verdict, it must affirmatively appear that the latter is inconsistent with the former; it will not be presumed. *Bonham v. Iowa Cent. Ins. Co.*, 25 Iowa, 328; *Mershon v. The National Ins. Co.*, 34 Iowa, 87.

The special findings in this case are not inconsistent with the general verdict. The jury did not return the number of brick which they estimated at the different values found by them. If a certain number be estimated at the value of $5.66⅔ and the remainder at $8.50, the sum thus found will agree with the general verdict. Plaintiff's counsel reaches his conclusion by presuming that a certain number were of the greater value. But no presumption can be exercised to overthrow the general verdict. We presume rather in favor of the consistency of all the findings. We must, therefore, hold that the number of brick of the different values as found by the jury agree with the general verdict.

AFFIRMED.