## COOPER v. McKEE.

1. **Contract**: RAILROADS: SUBSIDY NOTE. A promissory note was executed by the defendant, payable to the Grinnell & Montezuma Railroad Co. upon completion of its road, and the running of trains thereon, within a given time. The initial point of said road, as designated by the articles of incorporation of the company, was the town of Grinnell: *Held*, that the construction of a road from a point on another line, three and one-half miles from Grinnell, and the running of trains from Grinnell over such other road for that distance, did not constitute a compliance with the conditions of the note authorizing its collection.

*Appeal from Poweshiek Circuit Court.*

TUESDAY, APRIL 6.

ACTION upon a promissory note. There was a verdict and judgment for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*W. R. Lewis*, for appellant.

*J. B. Grinnell* and *Brown & Binford*, for appellee.

BECK, J.—I. The promissory note in suit is in the following language:

"For value received, I promise to pay to the Grinnell and Montezuma R. R. Co., or bearer, the sum of three hundred dollars upon the completion of said R. R., and cars running thereon to the DEPOT at Montezuma, Iowa, if done within one year from the first day of January, 1875, with interest at the rate of ten per cent per annum from maturity. This note to be due and payable when the cars run to the depot above named within the time above stipulated; and, on such payment, the G. & M. R. R. Co. agree to issue to the maker of this note a certificate of stock for each one hundred dollars mentioned in this note. But if said road be not completed within the time above named this note to be void, and, on demand, returned

<span>1. CONTRACT: railroads: subsidy note.</span>

to the maker. Said road to be standard gauge. Monte-zuma, Iowa, May 17, 1875. "GEO. McKEE."

The petition alleges that the railroad "was completed in the time and manner required by the stipulations in the note, and all its conditions have been fully performed by the rail-road company."

The answer alleges "that part of said road only was built, and that (such part) was not completed in the time provided by the conditions of the note." Other allegations of the pleadings need not be set out.

In addition to a general verdict for plaintiff, the jury found specially in response to interrogatories submitted by the court. The questions to the jury, and the answers thereto, which are to be considered, are as follows:

"6. Between what two points has said railroad been con-structed, and if from a point on the Central R. R. to Monte-zuma, state from what point on the Central."

"*Ans.* At a point three and one-half miles south of Grin-nell to Montezuma."

"12. Where did the railroad, referred to in the articles of incorporation of the Grinnell & Montezuma R. R. Company as the 'Grinnell & Montezuma Railroad,' commence and where did it end?"

"*Ans.* Commences at Grinnell, and ends at Montezuma."

No exceptions were taken in the court below to the special findings. The defendant moved to set aside the general ver-dict, and for judgment upon the 6th and 12th special verdicts. The motion was overruled, and this action of the court is assigned for error.

II. By the express conditions of the note in suit, it is to become void if the road is not completed within the time prescribed. The jury found, in the special verdicts above set out, that the railroad, the completion of which is contem-plated in this condition, commences at Grinnell and ends at Montezuma, and that it is constructed from a point three and

one-half miles south of Grinnell to Montezuma. The condition of the contract requiring the road to be completed must be substantially complied with, otherwise defendant is not liable. Has there been such a compliance? Surely, the construction of the road beginning at a point three and one-half miles from Grinnell cannot be regarded as the completion of a road from Grinnell to Montezuma. The fact that it connects with another road upon which trains are operated does not perform this condition, which is not for the operation of the road, but for its construction—completion—between Grinnell and Montezuma. If the railroad company may omit to build three and one-half miles, and thereon claim a substantial compliance, why could it not make the same claim if seven or twenty miles of the line were not constructed? The operation of trains over a line of road owned by another corporation for the distance of three and one-half miles will not, as we have just remarked, perform the condition requiring the completion of the road. We cannot say that the purpose of plaintiff was to secure the running of trains between Grinnell and Montezuma, in the face of the condition requiring the road to be completed. Courts cannot make contracts for parties by inquiring for intentions contradicting the plain meaning of the language they use.

III. The beginning and ending of the line of the road are conclusively settled, so far as the purpose of the appeal is concerned, by the 12th special verdict of the jury. We cannot hold that the railroad, the completion of which is made a condition of the note, has any other "beginning" or "end" than as found by the jury. That finding was not excepted to, or in any manner questioned, in the court below. It cannot be assailed here. It is true that the name of a road has nothing to do with its *termini*, and that it may have been understood by all parties that the road should be built from a point three and one-half miles south of Grinnell to Montezuma. We can make no inquiries into this matter, for it is disposed of by the special verdict.

It is suggested that the general verdict may be sustained upon these grounds: The court instructed the jury that if, at the time the defendant executed the note, he was informed that the road was to be built from a point three and one-half miles south of Grinnell to Montezuma, the failure to build from Grinnell is no defense to this action. Now it is said that the evidence would authorize the jury to find that plaintiff was so informed. We need not determine whether, if the facts be as stated, we would be authorized to sustain the general verdict. The defendant testifies that he was informed that the road was to be built from Grinnell to Montezuma. No witness testifies that he was informed that the three and one-half miles were not to be built.

IV. Under the special verdicts, the plaintiff has no cause of action; they are inconsistent and irreconcilable with the general verdict. It should have been set aside, and judgment rendered upon the special verdicts. *Bonham v. Iowa Cent. Ins. Co.*, 25 Iowa, 328; *Hardin v. Branner*, Id., 364; *Mershon v. The Nat. Ins. Co.*, 34 Id., 87; *Bills v. City of Ottumwa*, 35 Id., 107.

The court erred in overruling defendant's motion to set aside the general verdict, and for judgment upon the special verdicts. The judgment is reversed, and the cause is remanded for proceeding in the court below in harmony with this opinion.

REVERSED.