WILLIAM KRAUSKOPF, Appellee, v. MARY KRAUSKOPF,
Appellant.

| 82 | 535 |
|----|-----|
| 95 | 513 |
| 82 | 535 |
| 114 | 93 |

**Practice:** GENERAL VERDICT: SPECIAL FINDINGS: HARMONY WITH
INSTRUCTIONS.   In an action to recover for labor alleged to have
been performed by the plaintiff and others, by virtue of an oral
agreement by which the defendant agreed to compensate them
therefor in a reasonable amount, the court instructed the jury
that the plaintiff could not recover for the labor performed unless
an express agreement to pay therefor had been proven, but that

such agreement might be established by proof of conversations between the parties from which both understood that the plaintiff was to do the work, and to receive pay therefor. The jury returned a special verdict that there was no express contract between the plaintiff and the defendant for the payment of such services, but that there was an implied contract "at several times," and returned a general verdict for the plaintiff. *Held,* that the general verdict was inconsistent with the instructions and special findings, and that the motion of the defendant to set aside the general verdict, and for judgment in her favor should have been sustained.

*Appeal from Harrison District Court.*—Hon. C. H. Lewis, Judge.

Thursday, May 21, 1891.

Action to recover amounts alleged to be due for rent and labor. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendant appeals. *Reversed.*

*L. R. Bolter & Sons,* for appellant.

*Charles Mackenzie* and *S. H. Cochran,* for appellee.

Robinson, J.—The plaintiff and his brothers, George, John and Jacob, and his sister Emma were the children of Jacob Krauskopf. The father and his wife died when the children were young, and after the death of their father the children lived with the defendant and her husband, who was a brother of the deceased father, until after they attained their majority. They inherited from their parents eighty acres of land. The plaintiff seeks to recover for rent of his share of the land for several years specified, and for labor he performed for the defendant. He also seeks to recover, as assignee of the brothers and sister named, amounts alleged to be due for rent of their shares of the land, and for labor performed by John, Jacob and Emma. The defendant alleges that the plaintiff and his assignors lived with

her as members of her family, and that whatever services they rendered for her they so rendered as such members, without any agreement for or expectation of reward, excepting at times when she hired them by special agreement, and that in such cases she fully paid them the amounts to which they were entitled. The defendant admits an indebtedness to Jacob Krauskopf for his share of the rent for the year 1888, and states that she is ready and willing to pay the amount due him. She denies all liability for rent excepting that admitted. By way of counterclaim she demands judgment for services rendered in caring for and renting the land in question. The plaintiff, in an amendment to his petition, alleges that the labor of the plaintiff and of each of his assignors was performed by them by virtue of oral agreements made between them and the defendant, by which the defendant agreed to compensate them for their labor in a reasonable amount. The jury found specially that there was nothing due the plaintiff for rent, but that he was entitled to recover five hundred and eighty-eight dollars for labor performed by himself and his assignors, and that the defendant was entitled to recover fifty dollars on her counterclaim. They returned a general verdict in favor of the plaintiff for five hundred and thirty-eight dollars. The defendant filed a motion asking the court to set aside the general verdict and render judgment in her favor for fifty dollars and costs. The motion was overruled, but judgment was rendered for an amount fifty-two dollars less than the general verdict.

The record submitted in this court does not show the evidence on which the case was tried. The questions for our determination are raised by the motion of the defendant for judgment. The court charged the jury, in regard to the right of plaintiff to recover for labor performed, as follows: "4. You are instructed that before the plaintiff can recover in this action you must be satisfied by a preponderance of the evidence that there was an express agreement between the plaintiff and the defendant for compensation for services,

or that there was such an express agreement between the defendant and one or more of the plaintiff's alleged assignors.

"5. You are instructed that if you find anything for the plaintiff on the alleged claim for services you can find only such an amount as he has shown by a preponderance of the evidence herein was expressly contracted for by the defendant; and if you find from the evidence that no such express contract was entered into by the defendant, or find that such express contract has not been shown by a preponderance of the evidence, then plaintiff cannot recover anything on his claim for services.

"6. If the defendant had conversations with the plaintiff or his assignors as to remaining and working for her for compensation, and if the parties having such conversation with defendant, from the language employed, understood and expected that they should remain and work and receive pay therefor, and defendant so understood, then there was in effect an express contract between defendant and the parties understanding and expecting; but, if there were no such language and understanding and expectation, then as to such parties there was not an express contract."

A special interrogatory was submitted to the jury in words as follows: "Do you find that there was an express contract made between the plaintiff and defendant for payment for services for the time charged, and, if so, when was such contract made?" The answer was as follows: "Not express, but implied, at several times."

Similar interrogatories in regard to the services rendered by the assignors of plaintiff were submitted and answered in the same manner. The answers thus given show that the general verdict was contrary to the fourth and fifth paragraphs of the charge. By those paragraphs the jury were told that the plaintiff could not recover for labor performed unless an express agreement to pay therefor had been proven. They

conformed to the allegations of the petition, which were, in effect, that the labor was performed under an oral agreement, by which defendant had agreed to pay for it a reasonable amount. The jury were instructed by the sixth paragraph of the charge that conversations with the defendant, from which she and the persons who performed the labor understood that they were to perform it and receive pay therefor, would be in effect an express contract. It follows that the jury found that there was not only no verbal agreement between the parties, but that there was no conversation from which they might infer that the labor was to be performed and paid for, as claimed. It is true that in such cases there might be an implied agreement for compensation (*Cowan v. Musgrave*, 73 Iowa, 384; *Magarrell v. Magarrell*, 74 Iowa, 378); but the jury were told in effect that an implied agreement was not sufficient, and that, unless an express agreement had been established, they must find for the defendant. No exception was taken to that instruction. Neither party complains of it, and it must be regarded as the law of the case. *Baird v. Railroad*, 55 Iowa, 121; *Browne v. Hickie*, 68 Iowa, 330. The special findings show clearly that under the charge given the general verdict should have been for the defendant in the sum of fifty dollars. The court, therefore, erred in not sustaining the motion of the defendant to set aside the general verdict and render judgment in her favor for the amount stated. *Hardin v. Branner*, 25 Iowa, 364; *Cooper v. McKee*, 53 Iowa, 239.

The judgment of the district court is reversed, and the cause is remanded, with directions that a judgment be entered for defendant in harmony with this opinion. REVERSED.