GREENLEE BROS. v. MRS. M. R. EGGERT, Appellant.

**Livery stable keepers:** DAMAGE TO RIG: LIABILITY: EVIDENCE. On review of the evidence in an action to recover damages to a livery rig, the result of the alleged negligence of the party driving the same, it is held that the damage was the result of an accident pure and simple for which no one was liable.

*Appeal from Floyd District Court.*— HON. C. H. KELLEY, Judge.

MONDAY, NOVEMBER 18, 1907.

REHEARING DENIED, MONDAY, JANUARY 20, 1908.

SUIT to recover damages for injury to a livery rig hired by the defendant. There was a verdict and judgment for the plaintiffs, from which the defendant appeals.— *Reversed.*

*Eggert & Lockwood,* for appellant.

*J. H. Lloyd,* for appellees.

SHERWIN, J.— In July, 1902, the defendant hired a livery rig of the plaintiffs for a trip into the country with her family. The carriage had three seats, and was drawn by a pair of gentle horses. Seven or eight persons made the trip in the carriage, most of whom were adults. The party started for their home in Charles City soon after a six o'clock tea, and on the way home the accident resulting in the injuries complained of happened. The road traveled by the appellant was dry and smooth. All of the evidence touching the cause of the accident and the circumstances connected therewith is to the effect that the team was walking quietly along, when it was suggested that they go a little

faster, whereupon the driver, one of the young ladies of the party, touched one of the horses lightly with the whip. The team immediately started on a slow trot, and just at the moment of starting there was a " snapping or cracking noise," indicating that something about the rig had broken, and almost at once thereafter the front end of the carriage pole dropped to the ground, and the team ran away, causing the damage for which recovery is asked.

The evidence tended to show that, when the rig was delivered to the appellant in the morning, the carriage and harness were sound and in good condition. After the accident, it was found that one of the singletrees was broken where the bolt fastened it to the doubletree. The carriage was tipped over a short distance from where the team began to run, and the team broke away therefrom and went on, and when it was found some of the tugs were broken. Just what was broken before the pole dropped is not definitely known, but there can be little doubt that it was the singletree, although there is evidence tending to show that a short piece of a tug was afterwards found between the wreck of the carriage and the point where the trouble commenced. But the matter is not very material. If the negligence of the appellant or of the young lady who was driving the team at the time was the proximate cause of the accident and the consequent damage to the rig, it does not matter whether the singletree or the tug first gave way because of such negligence. The trial court instructed that, if the rig was delivered to the defendant in good order, the burden was on her to show her freedom from negligence in handling it. As no fault is found with the instruction, the rule stated by the court is the law of this case, and we must consider the evidence in accordance therewith. After a careful rereading of the entire record, we are satisfied there is not sufficient evidence to support the finding of negligence on the part of the defendant. The only possible negligence that the plaintiffs can rely upon is the act of starting the team up at the

time in question, and all of the testimony shows that it was done in the usual and ordinary way, at a time and place when and where it was perfectly proper to do so.  It is true the plaintiffs claim the team was not properly hitched to the carriage for the return trip, and there is some evidence tending to show that the pole straps were too loose; but, if this be so, it was not the cause of the accident, for it is undisputed that the team was at the time traveling down a slight decline where the pole straps would naturally be tightened by the pressure of the carriage, and that the pole did not drop until after the singletree or tug broke, so that one horse lunged ahead of the other.

The record discloses an accident pure and simple; one which may occur at any time, for which no one can be justly blamed.  The judgment is *reversed.*