JENNIE McCombs, Appellee, v. THE TRAVELERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT, Appellant.

**Evidence:** CROSS-EXAMINATION OF AFFIANTS. An insurance company
1  has no statutory right to have the parties making proofs of death called for cross-examination regarding matters stated in their affidavits; especially where the company admitted in its answer the allegations regarding proofs of death, and the proofs were introduced in evidence without objection and affiants were called by plaintiff as witnesses in the case and testified to the matters stated in such affidavits, and full opportunity for cross-examination was then given defendant.

**Insurance:** ASSIGNMENT. A policy of life insurance is assignable
2  after the death of insured, regardless of any provision of the policy.

*Appeal from Marshall District Court.*—Hon. Clarence
Nichols, Judge.

Tuesday, May 6, 1913.

Action on a life insurance policy for $1,000 issued by the
defendant upon the life of John A. Heether in favor of Anna
R. Heether, his wife, as beneficiary. The policy was assigned
to the plaintiff by the beneficiary after the death of the in-
sured. Upon trial to a jury, there was a verdict and judgment
for the plaintiff, and the defendant appeals.—*Affirmed.*

*Cumings & Mote* and *Clark & Hutchinson,* for appellant.

*Bradford & Johnson,* for Appellee, McCombs.

*F. E. Northup,* for Appellee, Anna R. Heether.

Evans, J.—This appeal is submitted upon two alleged
errors, and we will consider them in the order of their pres-
entation.

I. Upon the trial, the plaintiff introduced in evidence
the "proofs of death" consisting of six affidavits; the same
being in full accord with the requirements of the policy. There-

1. Evidence: cross-examina-tion of affi-ants.

upon the defendant asked that affiants, C. J.
McCombs and Anna R. Heether, be called for
the purpose of cross-examination as to the
contents of said affidavits. This request was refused, and ap-
pellant assigns error thereon.

Appellant relies upon section 4678 of the Code, which is
as follows: "The court or officer to whom any affidavit is pre-
sented as a basis for some action, in relation to which any
discretion is lodged with such court or officer, may require the
witness to be brought before it or him, and submit to a cross-
examination by the opposite party." We do not think the
point raised is covered by this section. The affidavits were not

introduced for the purpose of proving the truth of their contents. They were introduced only to prove that the conditions of the policy, requiring proofs of death, were complied with. It is true that such proofs were quite unnecessary in this case because the petition had alleged such proofs and had set the same forth and they had been admitted in the answer. They were introduced, however, without objection. So far as the recitals of fact in such affidavits are concerned, both of the affiants were used as witnesses by the plaintiff and testified directly to the matters stated in the affidavits. Full opportunity of cross-examination was therefore available to the defendant. Such cross-examination appears to have covered the ground fully. We find no merit, therefore, in the complaint now made.

II. Objection was made by defendant to the introduction in evidence of the written assignment under which the plaintiff holds her cause of action. This objection was based upon the provisions of the policy forbidding an assignment without the consent of the defendant company. The assignment in question was executed after the death of the insured and after proofs of loss had been furnished, and after the cause of action had fully accrued. Section 3046 provides as follows: ''When by the terms of an instrument its assignment is prohibited, an assignment thereof shall nevertheless be valid, but the maker may avail himself of any defense or counterclaim against the assignee which he may have against any assignor thereof before notice of such assignment is given him in writing.'' Under this section, the cause of action arising under the policy was assignable after it had accrued by the death of the insured, regardless of any prohibition in the policy. *Carter v. Insurance Co.,* 12 Iowa, 287; *Mershon v. National Insurance Co.,* 34 Iowa, 87.

Every defense available to the defendant as against the beneficiary is available also against the assignee. The defendant company, therefore, can suffer no prejudice from such assignment.

The judgment of the trial court is *Affirmed.*