COMMERCIAL CREDIT COMPANY, Appellant, v. JOHN HAZEL, Appellee.

No. 41164.

APRIL 5, 1932.

Nelson Miller and Stinchfield, Mackall, Crounse, McNally & Moore, for appellant.

E. P. Murray, for appellee.

STEVENS, J.—The appellant is a corporation organized under the laws of Delaware, with offices in Minneapolis, where it is engaged in the business of purchasing conditional sales contract notes and other forms of investments. One of its patrons in 1929 was the Harrington Motor Company, a distributor of Hupmobile automobiles in Minneapolis. On or about November 7, 1929, L. W. Arnoldy, an employee of the Motor Company, signed a blank conditional sales contract with his employer for the pur-

chase of a Hupmobile. At the same time, he signed a note for the purchase price. These instruments were sold, transferred and assigned to appellant and the purchase price paid by it to the Motor Company. The automobile described in the conditional sales contract was not delivered to Arnoldy, but was retained in the sales room of the Motor Company and subsequently sold and delivered to appellee, a resident of LeMars, Iowa. Later, the Harrington Motor Company was adjudicated a bankrupt. Thereafter, this action was commenced by appellant to replevin the automobile. The petition is in the usual form in such cases and there is attached thereto a copy of the conditional sales contract signed by Arnoldy, together with the written assignment thereof to appellant. The defendant answered setting up the purchase of the automobile on the 18th day of December, 1929, and the payment of the purchase price in cash and by the exchange of an old Hupmobile.

It is alleged that at the time of this transaction, appellee had no notice or knowledge whatever of the conditional sales contract above referred to, or of the assignment thereof to or of the claims now made by appellant. Appellant, by way of reply, also pleaded that it purchased the conditional sales contract and took the assignment thereof without notice or knowledge of any kind that the sale and contract were not *bona fide* and in good faith. The conditional sales contract and the assignment to appellant were duly filed in the office of the city clerk of Minneapolis as required by the laws of Minnesota. This was done prior to the purchase of the car by appellee.

I. The first question presented for decision is the overruling by the court of a motion interposed by appellant to transfer certain issues tendered by a reply to equity for trial. The relief sought in the pleading is a lien upon the car, and is based upon the terms, provisions and conditions of the written assignment of the conditional sales contract and also of such contract. Appellant sought and had an adequate remedy at law. Nothing could have been gained by transferring the cause to equity except the avoidance of a jury trial. This is urged as one of the reasons why the motion should have been sustained. Appellant's contention at this point is without merit. The motion was properly overruled.

II. During the progress of the trial, appellant moved

for a directed verdict, based upon the statute and laws of Minnesota, which were introduced in evidence. The motion was overruled, and not renewed at the conclusion of all the testimony. The error, if any, in the ruling was, therefore, waived. Stoner-McCray v. Manhattan Co., 176 Iowa 630; Anthony v. O'Brien, 188 Iowa 802.

III. Principal reliance is placed by appellant upon the statutes and laws of Minnesota. The state of the record before us makes unnecessary the consideration of the laws of our sister state. If not conceded by appellant, it is indubitably established by the proof that the alleged conditional sales contract signed by Arnoldy was a sham. It was a pretended sale only. Arnoldy testified that he had no intention of purchasing the car, and that, as the contract was blank when signed by him, he was not aware that the automobile in controversy was the one described therein. Nothing was paid by him and neither payment of the stipulated purchase price nor delivery of the automobile was contemplated by either party to the instrument. Exceptions were taken by appellant to paragraph five of the court's charge to the jury, but none were taken to the remaining instructions, and they, therefore, right or wrong, became the law of the case. Troxel v. Vinton, 77 Iowa 90; Beck v. German Klinik, 78 Iowa 696; Greenlee Bros. v. Eggert, 137 Iowa 120; Krauskopf v. Krauskopf, 82 Iowa 535.

After stating the issues, the court instructed the jury that to entitle the plaintiff to recover, five separate and distinct propositions of fact clearly and definitely stated must be established by it by a preponderance of the evidence. The first of these separate propositions was as follows:

"1st. That on or about the 7th day of November, 1929, the Harrington Motor Company sold the car in question to L. W. Arnoldy and that the contract, Exhibit One, was executed by the said L. W. Arnoldy, to said company.

"2nd. That said contract was duly filed with and in the office of the city clerk of the City of Minneapolis, Minnesota, on the 9th day of December, 1929."

The instructions as a whole are not before us, but the sixth and eighth instructions given by the court to the jury are as follows:

"No. 6. It is the claim of the defendant, John Hazel that he purchased the car in controversy from the Harrington Motor Company without actual knowledge of any conditional sales contract for the sale of said car which was held by plaintiff, and that he paid full value therefor.

"If you find that said car was actually sold to the said L. W. Arnoldy by said Harrington Motor Company, which contract was filed for record with the city clerk of the city of Minneapolis, Minnesota, before defendant purchased said car, defendant was bound to take notice of said conditional sales contract and plaintiff's rights thereunder, unless you find that plaintiff is estopped to assert said claim, as set forth in the preceding instruction.

"No. 8. If you find that the said Harrington Motor Company in good faith sold the car in controversy to the said L. W. Arnoldy and that a conditional sales contract covering said car was executed and delivered to said Harrington Motor Company, and was by them duly assigned and delivered to plaintiff and was then duly filed for record in the office of the city clerk of the City of Minneapolis, Minnesota, then such contract when so filed was notice to all of the world of the interest plaintiff held in said car, and even though you find defendant paid full value for said car covered by said contract, he would not be protected against plaintiff's claim thereon, unless you find that plaintiff waived said terms of said conditional sales contract, as heretofore set forth herein."

The court, however, in another instruction, placed the burden upon appellant of proving that appellant did not have actual knowledge or notice that the sale to Arnoldy was not in good faith and for the purpose indicated by the contract. If the jury found that appellant had failed to sustain the burden placed upon it by the language of the first instruction quoted above, a verdict for appellee must necessarily have followed. The jury could not have found that one of the elements essential to recovery was absent and at the same time find a verdict for appellant. The same thing is true of each of the other instructions. Unless the jury could find that a good-faith sale of the automobile was made by the Motor Company to Arnoldy, it had no warrant for finding against the appellee. In fact, there was

no way upon the evidence by which the jury could have reasonably found that there was a *"bona fide sale"* or "an actual sale" of the automobile to the pretended purchaser. The contract was a pure fiction, and no sale was intended or contemplated by anyone thereby. The car remained in the possession of the Motor Company and was never actually or constructively delivered to Arnoldy. There was but one thing, therefore, for the jury to do, under the evidence and the foregoing instructions, and that was return a verdict in appellee's favor.

IV. The record discloses some evidence tending to show that appellants had notice of the fraudulent character of the pretended sale to Arnoldy. Two fraudulent conditional sales contracts of the same automobile, the one purchased by appellee, were in the possession of appellant at the time its managing officer discovered the fraud complained of in this case. It may be true that this fact was not discovered until some time later. If so, the failure was due to the very large amount of business transacted by appellant, and not to the absence of facts in appellant's possession to convey the information.

Other facts and circumstances are also shown in the record from which a jury might, in connection with the foregoing, have inferred that appellant knew, or should have known, of the bogus character of the conditional sales contract at the time it purchased same. The verdict of the jury, under the evidence and the instructions, to which no exceptions were taken, cannot be disturbed. The judgment below is accordingly—Affirmed.

WAGNER, C. J., and EVANS, ALBERT, DE GRAFF, KINDIG, and MORLING, JJ., concur.