Amos v. Buck.

## AMOS v. BUCK.

1. **Evidence:** ADMISSION OF SECONDARY: ERROR CURED. An error in admitting secondary evidence is cured where the same point is afterwards established by the primary evidence.

2. **Instructions:** TO BE CONSTRUED TOGETHER: EXAMPLE. In an action upon an award, the agreement to submit to arbitration and the award of the arbitrators were admitted in the answer, and the court had distinctly instructed the jury to that effect. But, in introducing another instruction in regard to the real issues, the court said: "If you find from the evidence that the plaintiff and defendant agreed to submit their differences to arbitration, and if you find such award was made as agreed," etc. *Held* that the jury could not have understood that the execution of the agreement and the making of the award were in issue, and that they were to find thereon.

3. ———: TO BE CONSTRUED IN LIGHT OF ISSUES AND EVIDENCE: EXAMPLE. In such action, the court instructed the jury to find for defendant if they found that the award did not include all the differences in dispute between the parties at the time of the alleged award. *Held* not erroneous as not being limited to matters of dispute which were submitted to the arbitrators; because the pleadings and evidence showed that there were no other matters in issue, and the jury could not have been misled.

4. —————: SUBMITTING QUESTION OF WAIVER WITHOUT DEFINITION. In such action, the question as to whether defendant waived his right to be present at the hearing was submitted to the jury without defining what would constitute a waiver. *Held* no error, where the waiver, if any, was a direction of the defendant to the arbitrators to proceed in his absence.

*Appeal from Page District Court.*—Hon. George Carson, Judge.

FILED, MARCH 9, 1888.

This action is founded upon an award made by certain arbitrators upon a written agreement, signed by plaintiff and defendant, by which all matters of difference between them were submitted to said arbitrators. There was a trial by jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*G. B. Jennings* and *W. W. Morsman*, for appellant.

*James McCabe*, for appellee.

Rothrock, J.—The agreement for arbitration was as follows: "We, the undersigned, hereby mutually agree to submit all our matters of difference, of every name and nature, to the award and determination of I. G. Burnet, W. N. Maloney and H. I. Foskett, of Page county, Iowa, for them to hear and determine the same, and make their award in writing as soon as they can, but not before August 1, 1886; and said award to be filed by them in the Commercial Bank of B. M. Webster, Essex, Iowa." The award made in pursuance of the agreement and upon which the suit is founded, is as follows: "Essex, Iowa, October 8, 1886. T. B. Amos *vs.* Joseph Buck. We, the undersigned, arbitrators in the above-entitled cause, find from the evidence submitted to us that said defendant is at present indebted to plaintiff in the sum of three hundred eighty-two dollars and forty cents." The answer of the defendant was a denial of the right of recovery upon the award, upon the ground

.Amos v. Buck.

that the hearing was had and conclusion reached by the arbitrators without giving the defendant an opportunity to appear and be heard in his own behalf, and that the arbitrators failed to examine all the matters of difference between the parties ; that they acted on a single transaction between the parties, and did not consider other transactions necessary to be examined and passed upon in order to ascertain and determine the true condition of affairs between them.

By an amendment to the answer, the defendant averred that the award was procured by the fraud of the plaintiff and his attorneys, in inducing the arbitrators to hear said cause without reasonable notice to the defendant, and upon unsworn statements of the plaintiff and his brother. Without detailing the evidence here, it is sufficient to say that we think the jury were fairly warranted in finding that the hearing was had, and the award made, without giving the defendant reasonable notice thereof, so that he could attend and prove up his claims against the plaintiff in a proper manner ; and it may also be fairly found, from the evidence, that the arbitrators considered but one claim in dispute between the parties, when there were other claims of the defendant in their hands which were not considered, because the defendant was not present to testify thereto, and that the award was made up without giving the defendant a reasonable opportunity to substantiate said claims.

I. The appellant complains because the court permitted the defendant to testify to a conversation between him and William Maloney, one of the arbitrators, to the effect that the award was made upon one draft, and that he (Maloney) knew the defendant would not stand any such an award as that. It is possible that this was secondary evidence of what occurred at the hearing, and as to what was considered in making up the award. But we think it was without prejudice, because Maloney was examined as a witness in behalf of the defendant, and afterwards in behalf of the plaintiff, and he testified.

1. EVIDENCE : admission of secondary : error cured.

to substantially the same facts which he related in his conversation with the defendant.

II. It is urged that the fourth instruction given by the court to the jury is erroneous. It is in these words:

**2. INSTRUCTIONS : to be construed together : example.** "If you find, from the evidence, that the plaintiff and defendant agreed to submit their differences to arbitration, and if you find such award was made as agreed, you should find for plaintiff for the amount found by the arbitrators in such matter, unless you further find—(1) that said award does not include all the differences in dispute between plaintiff and defendant at time of the alleged award ; or (2) that defendant was not accorded a reasonable notice of the time of the hearing.". This instruction is said to be erroneous, in that it submits to the jury the question whether there was an agreement to arbitrate, and an award made thereon. Of course, the jury had nothing to do with the question as to the execution of the agreement and the award. They were admitted by the answer, and the court had distinctly directed the jury, in a previous instruction, that they were admitted by the defendant. The jury surely could not have understood from this instruction that the question of the execution of the agreement to arbitrate, and the fact that an award was made, were in issue.

It is further claimed that the instruction is erroneous because the jury were directed to find for the defendant, if they found from the evidence **3. ——: to be construed in light of issues and evidence: example.** that the award did not include all the differences in dispute between the parties. It is said that the instruction should have been limited to all matters of dispute which were submitted to the arbitrators by the parties. Instructions must always be considered with reference to the evidence in the case. The defendant did not complain of the award because the arbitrators failed to consider claims which he did not present. The evidence tends to show that he gave his claims to one of the arbitrators before the hearing, and the instruction could have been understood by the jury in no other way than that the

disputed claims meant such matters as had been presented to the arbitrators.

Other objections are made to the instructions to the jury. One is that the question as to whether the defendant waived his right to be personally

4. ——: submitting question of waiver without definition.

present at the submission was submitted to the jury without defining what would constitute a waiver. There was no error in this; it was a simple fact, to be determined by the jury from the evidence, whether the defendant directed the arbitrators to hear the case and make the award in his absence.

We find no error, and the judgment will be.

AFFIRMED.