WILLIAM HAMILTON, Appellee, v. MENDOTA COAL & MINING COMPANY, Appellant.

**Master and Servant:** DECLARATIONS OF PRESENT PAIN.   In a personal injury action, declarations of plaintiff regarding present pain are competent.

**Entries to Mines:** CUSTOM.   Evidence as to custom of height and width of entries to mines in the same district is admissible.

**Objection to Evidence:** CARE:   EXPERT TESTIMONY.   An objection that evidence is incompetent because "measuring degrees of care" will not support a contention that the matter inquired about was not a subject of expert testimony.

**Same.**   In an action for a personal injury in a coal mine entrance, a witness was asked "Can you, from your experience, find out all about your entry in one or two trips"?   An objection that the same does not call for a custom or use does not go to its competency as expert testimony.

**Negligence:** INSTRUCTION.   An instruction that defendant, as a matter of law, was required to keep the entry to its mine of uniform height and width, was properly refused, as any question of negligence in failing to furnish plaintiff a safe place to work was for the jury.

**Conflict in Evidence:** REMARKS OF COUNSEL: INSTRUCTIONS RE-
6   GARDING. An instruction which assumes that certain evidence
is undisputed, when in fact there is a conflict, or one directing
the jury to disregard statements of counsel made in argument
where it appears they were made in response to opposing
counsel, should be denied.

**Negligence:** EVIDENCE: INSTRUCTION. Where the plaintiff was
7   injured while at work in an entry to a mine, by a rock pro-
jecting from the ceiling of the passage, the court cannot say
as a matter of law that the injury was the result of his neg-
ligence, but it is a case for the jury to determine from all the
circumstances.

*Appeal from Appanoose District Court.*—HON. M. A.
ROBERTS, Judge.

FRIDAY, APRIL 10, 1903.

ACTION at law to recover damages for personal injuries
received by plaintiff while acting as a driver in defendant's
coal mine.   Trial to a jury, verdict and judgment for
plaintiff, and defendant appeals.—*Affirmed.*

*W. E. Blake* and *F. S. Payne* for appellant.

*C. F. Howell* and *C. H. Elgin* for appellee.

DEEMER, J.—Plaintiff, while in the employ of the
defendant as a driver of mules in an entry of defendant's
coal mine, received the injuries of which he complains,
while riding on a car in the mine, in coming in contact
with the roof or side of the entry.   The negligence charged
is that the entry was not of sufficient height, in that it was
but three feet and five inches high, while it should have
been at least five feet, and was not properly "brushed," in
that a rock from the top and north side of said entry pro-
jected to a point within three feet of the center of the
track laid therein on which the cars ran, while on the other
side the distance was something over five feet—in other
words, that the projecting rock hung over the track from

the right rib of the coal from the roof of the said entry for the space of about three feet, whereas it should have been at least six feet above the track; that the roof should have been uniform, and as high on one side of the track as on the other, according to the prevailing custom in the coal district of Appanoose county. In brief, the charge is that there was a rock hanging down from the roof on one side of the entry which was but three feet from the track on which the cars ran, while on the other side the roof was fully five feet high. While sitting on a coal car which was being hauled through the entry by a mule which plaintiff was driving, the plaintiff came in contact with this rock, and received the injuries of which he complains. The accident occurred while plaintiff was making his second trip through the entry. He was an experienced driver, and had worked for years in coal mines.

Several errors are assigned as to rulings on evidence, and in the giving and the refusal to give certain instructions asked by the defendant. Some other alleged errors occurring during the trial will also be considered.

First, then, as to the rulings on evidence: We shall not mention all, as twenty or more are assigned, some of which involve questions which have long been regarded as settled.

Witnesses were permitted to testify as to declara-
1. DECLARA-TIONS of present pain. tions of plaintiff tending to show present pain and suffering. This evidence was clearly competent.

Other witnesses were permitted to testify to the custom in that particular mining district as to the height and width of entries. It was what is known as a "low
2. ENTRIES to mines: custom. coal district," and such testimony was admissible. *Cushman v. Fuel Co.*, 116 Iowa, 618; *Taylor v. Star Coal Co.*, 110 Iowa, 47; *Forbes v. Boone Valley Co.*, 113 Iowa, 101.

This excerpt from the record will show the next ruling complained of: "What do you say, as a man of experience in mining matters, whether it would be improper practice, in an ordinary entry, to sit on a thin slab of coal placed on the corner of a box—sit on that slab with his feet on the tail chain, his body inclined forward? What do you say as to whether that would be a proper method for a driver. (Defendant objects to this as incompetent, measuring degrees of care. Overruled. Exception.) A. It would be a proper place to sit, providing the car was not built too high." The statement of fact contained in the question correctly stated the position which plaintiff said he was in when he received his injuries. The contention now made is that the question called for a matter which was not the subject of expert testimony, and that it usurped the functions of the jury. While the objection of incompetency calls in question the admissibility of the evidence offered, yet, when to that objection a specific reason is given, the court is justified in relying on the reason assigned in making its ruling. The objection in question was, in effect, that the testimony was not competent, because measuring degrees of care. Such an objection does not furnish support for the argument now made against the admissibility of the offered evidence. Moreover, the ruling, even if erroneous, was without prejudice, because of the nature of the answer given. This answer amounted to nothing, for the witness made it depend upon the height of the car, which he did not pretend to state, and the jury certainly gained no light therefrom. The witness thereafter, without objection, proceeded to state his opinion as applied to the facts; and counsel cannot, in view of this record, rely upon the alleged error. Moreover, appellant entered upon the same field of inquiry, and cannot be heard to complain. *Ware Co. v. Anderson*, 107 Iowa, 231, and authorities cited.

3. OBJECTION to evidence: care: expert testimony.

This witness was asked on re-examination the following: "Can you, from your experience, find out all about your entry in one or two trips?" Defendant objected to

4. SAME.

this as not a matter of custom and use, and moved to strike it out. This was overruled, and witness answered, "No, sir." The argument proceeds on the theory that this was not a matter of expert testimony, and that the witness was substituting himself for the jury. Manifestly, no such point was made in the trial court. The objection that it was not a matter of custom and usage does not raise any such point. Moreover, the cross-examination was such as to justify the court in permitting the question to be answered.

These are all the rulings on evidence which we deem it necessary to consider.

II. Defendant asked something like ten instructions, which were each and all refused by the court. It also complains of three instructions given by the trial court on

5. NEGLI-
GENCE: in-
structions.

its own motion. In some of the instructions asked, the court was requested to state, as a matter of law, that defendant was not required to keep its entry of uniform width and height for its entire distance. This was refused, and rightly so, because the matter of negligence of the defendant in failing to furnish plaintiff a safe place to work was one of fact for the jury, under proper instruction relating to the degree of care required of it. These general instructions were given, and the matter was properly submitted to the jury. Instructions were also asked regarding the degree of care required of plaintiff. In so far as correct, they were embodied in the charge as given.

Complaint is made of the court's refusal to give an instruction to the effect that no custom as to the height of entries had been established in the case. This complaint is clearly without merit, for a great deal of evidence was introduced on this proposition by both parties.

This instruction was also asked and refused: "(8) It is the undisputed evidence of all the witnesses who testified on the subject that the mule driver must be on the lookout for dangers, and should keep his body at least as low as the mule, in order to safely pass low places. If you believe plaintiff could, by keeping himself in line with his mule, and his body as low as the top of his mule—he would have avoided the accident which caused his injuries—then his failure to do so would be negligence on his part, and your verdict will be for the defendant." This instruction was properly refused, because it assumes that certain evidence was undisputed, whereas there was a conflict therein. Moreover, such an instruction, were it based on a correct hypothesis, would have tended to mislead the jury, for the reason that the jury was authorized to find that at the point in question the ground between the ties of the track had been dug out to a depth of from ten inches to one foot without plaintiff's knowledge, which, of course, would lower the mule, and allow him to pass through without in any manner affecting the car. He might have kept his head on a level below that of the mule at other places, and yet have been struck by the protruding rock which caused the injury.

6. Conflict in evidence: remarks of counsel: instructions regarding.

Refusal to give an instruction directing the jury to disregard certain statements said to have been made by appellant's counsel in argument is complained of. There is no proper record showing that statements were made which would have justified such an instruction. In so far as we have any record, it appears that whatever remarks were made were in response to statements made in argument by defendant's counsel.

III. An instruction given by the court with reference to the effect to be given evidence regarding a custom prevailing in the district as to the height of the entries, and the manner of constructing them, is complained of.

The instruction need not be set out, as it embodied correct rules of law, as heretofore announced by this court.   See cases heretofore cited in the first division of this opinion, and also *Couch v. Watson Co.*, 46 Iowa, 17; *Spaulding v. R. Co.*, 98 Iowa, 212, and cases cited.

Another instruction is said to be erroneous because it assumes a state of facts which were in dispute to be true.   There is no merit in the complaint, for there was no such assumption.

The last instruction related to damages for future pain and suffering.   It is sustained by the following among other cases: *Bailey v. Centerville*, 108 Iowa, 28; *Kendall v. City of Albia*, 73 Iowa, 246.   There was evidence as to future pain and suffering.

IV.   In the motion for a new trial, complaint is made of misconduct of counsel in argument.   We have already covered this point in another part of the opinion, and need not consider the matter here.

Lastly, it is argued that the verdict is contrary to the instruction and unsupported by the evidence.   We shall not set out the evidence in full.   There was a conflict as to most of the material issues.   The principal point relied upon by appellant is that, as the mule went through in safety, plaintiff, had he been observant of his surroundings might, also have gone through.   It should be remembered in this connection that plaintiff had other duties to perform than to keep a watch on the roof of the mine.   He had a right to assume that his master had done his duty, and that he would not be exposed to unusual hazards.   He was required at the point in question, because of the nature of the track, to keep a close watch of his cars, to see that they did not become uncoupled, or that any other accident should happen to them.   He had been in the mine but a few hours, and, while he had theretofore passed the place three times, his attention was not called to the protruding rock.   Indeed,

7. NEGLI-
GENCE: evi-
dence: in-
structions.

he was told by the pit boss before going into the entry that it was about the same height all the way through. The earth between the rails at this point was dug out so the mule could pass through under the rock without striking it. This the plaintiff did not know. We are not justified, under circumstances, in saying, as a matter of law, that he should have seen and avoided the rock. ·The case seems to have been for a jury, and we are not disposed to interfere with the verdict. Our conclusions find support in *Blazenic v. Ia. & Wis. Coal Co.*, 102 Iowa, 708; *Corson v. Coal Hill Co.*, 101 Iowa, 228; *Mosgrove v. Zimbleman*, 110 Iowa, 171.

Appellant's motion to strike appellee's abstract is overruled.

There is no reversible error, and the judgment is AFFIRMED.