J. M. DEAN, Appellant, v. H. M. CARPENTER, Administrator of Estate of SEYMOUR BENNETT, Deceased, Appellee.

**Transactions with decedent:** COMPETENCY OF WITNESS. A witness
1    called on behalf of an administrator, in an action to establish a claim against the estate, is competent to testify to transactions leading up to the making of certain deeds by decedent.

**Same:** DECLARATION OF DECEDENT. Declarations in his own interest
2    made by a decedent in the presence of one seeking to establish a claim against his estate are admissible.

**Deeds:** CONSIDERATION: PAROL EVIDENCE. It is permissible to show
3    by parol that a deed of property was made by decedent in

consideration for a claim for services which plaintiff is seeking to establish against the estate.

**Estoppel.** One who accepts the benefits of a contract made in his behalf by another cannot deny the authority of the person making it.

**Instructions.** Error cannot be predicated on the refusal of the court to give instructions, where no exception was taken to the refusal, where the same so far as announcing correct rules of law are covered by those given, or, where they do not cover the case made by the evidence.

**Same:** STATING THE ISSUE. In stating the issues the court may copy the pleadings when the same are a clear and concise statement and counsel have agreed thereto.

*Appeal from Jones District Court.*— HON. W. G. THOMPSON, Judge.

FRIDAY, MAY 10, 1907.

PROCEEDINGS to establish a claim for services against the estate of Seymour Bennett, deceased. Defense, settlement and payment of claim. Trial to a jury, verdict and judgment for defendant, and plaintiff appeals.— *Affirmed.*

*W. F. Fitzgerald* and *Remley & Remley,* for appellant.

*Herrick & Bauder,* for appellee.

DEEMER, J.— There is testimony to show that, during the years 1902 and 1903, plaintiff rendered certain services for Seymour Bennett, his father-in-law, since deceased, and that these services were of value. But defendant contends that, whatever these services may have been, they were fully settled and paid for by a deed executed by deceased in December of the year 1903, after all the services had been rendered, to Zula L. Dean, his daughter, and the wife of plaintiff. Plaintiff, while admitting that his wife received a deed for certain lands from the deceased, claims that it was made without consideration, and for the purpose

of defrauding his creditors and his then divorced wife.   On these issues, the case was tried, resulting in the verdict above stated.   Many points are relied upon for a reversal, to some of which we shall refer during the course of this opinion.

One Luman Bennett is a son of deceased and a brother of the plaintiff's wife, and it seems that, at the time the conveyance was made to Zula Dean, a deed was also made by deceased to him for certain lands.   He was called by defendant as a witness to testify to the transactions leading up to the making of the deeds at which plaintiff was present. As the witness was called on behalf of the administrator, he was not incompetent, under section 4604 of the Code. *Leasman v. Nicholson,* 59 Iowa, 260; *Harrow v. Brown,* 76 Iowa, 179.

It is claimed that this witness was permitted to testify, over plaintiff's objection, to certain declarations of the deceased in his own interest that were not made in plaintiff's presence.   The record does not bear out this claim.   The declarations were made in plaintiff's presence, and under well-known rules were admissible.   *Owen v. Christenson,* 106 Iowa, 394; *Cahalan v. Cahalan,* 82 Iowa, 416; *Hamilton v. Mendota Coal Co.,* 120 Iowa, 147.

Moreover, it was permissible for defendant to show by parol evidence the real consideration for the deed to Zula Dean, and that plaintiff's services constituted that consideration.   *Logan v. Miller,* 106 Iowa, 511, and cases cited.

Mrs. Dean was called as a witness by plaintiff to show that her husband was not authorized to act for her in the matter of accepting the deed, but she was not permitted to so testify.   In this there was no prejudicial error.   No one was claiming that he furnished the consideration, and, as she has accepted the deed, she is bound by whatever her husband did and said in procuring it.   *Lull v. Bank,* 110 Iowa, 537.   There was no prejudicial error in rulings upon the admission and rejection of testimony.

II. Complaint is made of the court's refusal to give certain instructions asked by plaintiff. There are several reasons why there was no error here: First, no exception was entered to the denial of these requests; second, in so far as they announced correct rules of law, the matter was practically covered in the instructions given; and, third, the instructions asked were incorrect, in that they did not cover the case made by the evidence.

It is also contended that in stating the issues the trial court either used or copied the pleadings, instead of stating the issues for itself in clear and concise language. As the pleadings were clear and concise, and stated the exact issues, and as the parties by their counsel agreed that the court should so use the pleadings, there was no error. *De Wulf v. Dix,* 110 Iowa, 554.

Complaint is also made of the instructions given. One related to the effect of Zula Dean's acceptance of the deed upon the authority of her husband, plaintiff herein, to act for her. There was no error in this. It announces a correct rule of law, and, as we have seen, plaintiff was seeking in some way to avoid the effect of the deed by claiming that the plaintiff was not authorized to act for his wife. It was to meet this claim that the instruction was given. There was no error.

The sixth instruction given by the court reads as follows:

As a defense herein, defendant states that some time in December, 1903, the deceased, then in life, requested his son and daughter, sole surviving heirs of deceased, for the purpose and intent of fully disposing of all his property and estate to said son and daughter, and that as requested they met at the time and place named by deceased, that at request of deceased an attorney was also present to draw conveyances necessary to carry out said intention, and that deceased then and there executed the deeds to his son and daughter for the property, and you further find that plaintiff knew of the intention of deceased to so

do for the purpose and with the intent to fully dispose of his property, and thereby avoid administration, and you further find that plaintiff, then knowing the intent and purpose of deceased, accepted the conveyance of the land to his wife, and she, the daughter of the deceased, and one of the two heirs of deceased's estate, you will then be warranted in finding for defendant; but, unless you are so satisfied, you will find for plaintiff on that claim.

This is criticised. It practically states the issue tendered by defendant's answer, which, to be exact, was a plea of estoppel as well as of payment and settlement. But it is said there was no testimony to justify the giving thereof. In this counsel is in error. There is evidence to the effect that these deeds should settle the whole matter, and that they disposed of the entire property then owned by the deceased. The instruction is not as clear as it might be; but, when considered with reference to the testimony, there is no mistaking its meaning.

No prejudicial error appears, and the judgment is *affirmed*.