Curnes, Eddy & Company, Appellees, v. B. Maytum, Appellant.

APPEAL AND ERROR: Reservation of Grounds—Insufficient Exceptions. The Supreme Court cannot review error as to instructions given before the repeal of Sec. 3705-a, Code Supp., 1913, unless the same were excepted to as required by the statute.

APPEAL AND ERROR: Reservation of Grounds—Insufficient Exceptions. That "defendant, at the time of giving the said instructions, excepted to each and every instruction given to the court" is not a sufficient exception, under Sec. 3705-a, Code Supp., 1913.

APPEAL AND ERROR: Reservation of Grounds—Insufficient Exceptions. Where no due exceptions were taken to the instructions at the time of the trial, as required by Sec. 3705-a, Code Supp., 1913, and no showing was made in the motion for a new trial as to the failure to make such exceptions, a ruling overruling the motion for new trial was proper, in so far as grounded on the error in instructions.

APPEAL AND ERROR: Review—Harmless Error—Exclusion of Testimony Otherwise Appearing. Where testimony by the same witness to the same effect as that erroneously excluded was received without objection, and remained in the record, the exclusion of the like testimony was harmless.

APPEAL AND ERROR: Abstracts of Record—Failure to Show Refused Instruction. Where the record does not show a requested instruction, the refusal of which is assigned as error, the same cannot be considered on appeal.

APPEAL AND ERROR: Briefs—Absence of Brief Point. A question not covered by a brief point cannot be considered on appeal.

*Appeal from Clarke District Court.*—Thomas L. Maxwell, Judge.

THE plaintiff has verdict and judgment for damages caused by breach on part of defendant of a written contract to sell to plaintiff timothy seed of merchantable quality, to be delivered at a stated time, there having been failure to deliver by that time, or at all.—*Affirmed.*

*Temple & Temple,* for appellant.

*O. M. Slaymaker,* for appellee.

SALINGER, J.—The essential defense was that the contract was, in fact, one to deliver seed raised by defendant, and that stress of weather which defendant could neither control nor overcome prevented him from delivering merchantable seed raised by himself by the time stipulated for delivery. The argument here is: (1) That, if weather conditions and the like prevented contract delivery, no damages could be awarded for failure to deliver; that it is immaterial that plaintiff was willing to waive delivery at contract time, and to accept such delivery 30 days later, and that defendant did sell to someone other than plaintiff; (2) that, when failure to deliver at contract time was excused, the contract was at an end; and plaintiffs' offer to waive delivery and extend time therefor for 30 days could not make a new contract for the breach of which damages might be allowed, unless the modification was accepted by the defendant; and that, (3) therefore, the court, in effect, made a new contract for the parties, and allowed plaintiff to recover for a breach of that new contract. The complaint narrows finally to a claim that the instructions held the parties to a new contract; that this was effected by instructing upon an issue not tendered by the plaintiff in his pleadings, and so holding defendant liable for not delivering the seed after the date named; that it was error to permit the jury to measure the damages by the market price at a date later than that named in the contract, and

error to submit a contract that never was made, and that contract, nothing but the option of the plaintiff alone, exercised after the rights of defendant under the contract sued on had passed.

We have no occasion to consider the elaborate briefs on whether the weather conditions which prevented delivery at contract time were such act of God as to excuse performance at the time stated; for we

1. APPEAL AND ER-ROR: reservation of grounds: insufficient exceptions.

find that, in Instruction 3, the court, in effect, agreed with the appellant that the weather conditions might constitute an excuse for failure to deliver the seed strictly at the contract time. What, then, is left to be reviewed is the further statement in that instruction that, while this is so, "such conditions would constitute no excuse for his failure to deliver the same, if plaintiffs were willing to receive it at a later time when it was ready for delivery." Neither is it proper for us to pass upon whether this instruction is right. It may be, as appellant says, that whether the rule of this instruction is a sound one is an important question, and that its determination will be of great value to parties who enter into such contracts as this. But we are not at liberty to review decisions of trial courts merely because the question presented is important, and its determination may be valuable. We have rules which we deem greatly helpful in administering justice, and these rules require that questions reach us in accepted form. So far as this case is concerned, these rules, and, for that matter, an express statute, demand that what was submitted and the charge of the court may not be passed upon here unless the charge was excepted to as said statute demands. That statute (Section 3705-a, Code Supplement, 1913,) requires exceptions to instructions which, before the instructions are given, "point out the grounds thereof specifically and with reasonable exactness." The only other method permitted is that:

"Upon a showing in a motion for a new trial that an error in such instructions was not discovered by the party claiming the error at the time of trial, such objection or exceptions may be made in the same manner in such motion for a new trial."

A further provision is:

"No other objection or exception to the instructions shall be considered by the Supreme Court on appeal, except those made as above provided."

There was not so much as an attempt to make such objections at the time of the trial. The abstract contains merely the statement that "the defendant, at the time of giving the said instructions, excepted to

2. APPEAL AND ER-
ROR: reservation
of grounds:
insufficient ex-
ceptions.

each and every instruction given by the court." It cannot seriously be contended that this is a sufficient exception under said statute. Now, it is true that sufficient exceptions are made in the motion for new trial. But there is not so much as a claim, to say nothing of a "showing" in support, that errors in the instructions now urged "were not discovered by the party claiming the

3. APPEAL AND ER-
ROR: reservation
of grounds:
insufficient ex-
ceptions.

error at the time of the trial." So we have fairly a case where there is no exception to the charge, and where, therefore, we cannot pass upon whether the submission to the jury was or was not upon a theory sustained by the law. This has been held so often that we will not indulge in citations.

Appellant contends that the overruling of the motion for new trial involves the same error that inheres in the theory submitted by the instructions. The motion had many grounds that do not involve that theory. As to all complaint made of said theory, the overruling of the motion is merely an adherence to the rule laid down in the instructions. As no due exceptions were taken to the charge

at the time of the trial, and as no warrant appears for making the first exceptions taken in a motion for new trial, it was not error to overrule this ground of the motion. Such ruling but held that the instructions were correct, and the complaint of such ruling but repeats the claim that the instructions were not correct. Where no proper exceptions were taken at the trial, and the statute authority for making them in the motion for new trial is lacking, we cannot review the instructions merely because the trial court, on motion for new trial, adheres to the opinion that the charge was a correct one.

II. There is a proper assignment complaining of the striking out of certain testimony. It was to the effect that weather conditions had made delivery at the contract time impossible. We may assume, for the sake

4. APPEAL AND ER-
ROR : review :
harmless error:
exclusion of
testimony other-
wise appearing.

of argument, that this exclusion was erroneous. But testimony by the same witness to the same effect was received without objection, and remains in the record. It covered what was excluded more fully than was done in *Stilwell v. Stilwell*, 186 Iowa 177, wherein we held that the exclusion had become harmless,—and we so hold here.

III. There is due exception to a refusal to give a requested instruction numbered 1. Whether or not the brief points raise any question as to the correctness of this ruling is far from being clear. But that is im-

5. APPEAL AND ER-
ROR : abstracts
of record : fail-
ure to show
refused instruc-
tion.

material, because the record does not exhibit the said offered instruction.

IV. There is some suggestion in the argument that somehow the inhibitions of Section 4967, Code, 1897, Section 4975-d of the Supplement, 1913, and Section 4975-g of that Supplement, dealing with what are and what are not wagering contracts are involved,

and were improperly dealt with.  Later, ap-

**6. APPEAL AND ER-**
**ROR: briefs: ab-**
**sence of brief**
**point.**

pellant makes clear that what is urged is that the contract at bar, being one for seed produced on defendant's farm, was, therefore, a legal contract.  Whatever may be claimed on this head can have no consideration, because no brief point covers any such question.

We find no reversible error; wherefore the judgment below is—*Affirmed*.

LADD, C. J., EVANS and PRESTON, JJ., concur.