C. D. PORTER, Appellee, v. J. L. TENANT, Appellant.

**APPEAL AND ERROR:** Exceptions—Necessity. Error may not be
1   predicated on the giving of instructions to which no exceptions have been made.

**APPEAL AND ERROR:** Review—Harmless Error. Error may not be
2   predicated on testimony to the effect that the witness had received letters from the defendant relative to a named matter, when the letters were later produced, and defendant admitted writing them.

**TRIAL:   Reception of Evidence—Estoppel to Object.**  A party may not withhold his objection until he receives an unfavorable answer from the witness, and then interpose it.

**APPEAL AND ERROR:   Review—Harmless Error.**  Error may not be predicated on the exclusion of testimony when such testimony was subsequently received.

*Appeal from Guthrie District Court.*—LORIN N. HAYS, Judge.

FEBRUARY 5, 1924.

ACTION upon a promissory note.  Verdict and judgment for plaintiff.   Defendant appeals.   The opinion states the facts.— *Affirmed.*

*W. D. Milligan,* for appellant.

*Batschelet & Vincent,* for appellee.

VERMILION, J.—This action is at law, to recover the amount due on the promissory note of the appellant for $450, given on July 7, 1919, to the appellee.  No date of maturity is stated in the note, but upon the margin the following appears:

"It is agreed that this note is not to fall due until the $2,000 mortgage given by Denny on Adair mill can be cashed."

The facts surrounding the execution of the note are, briefly stated, as follows:   The appellant, in the capacity of broker, had for sale a mill in Adair.   The appellee, acting in a like capacity, had a prospective purchaser in the person of one Denny.   They met, and the appellant represented to appellee that the owners would take $3,250 for the mill.   A written contract was entered into between appellant, as agent, and Denny, whereby the property was sold to the latter for $3,900, to be paid, $500 in cash at the execution of the contract, $1,400 by a note, due in 60 days, and $2,000 by a mortgage on the mill. While the contract is not explicit on the subject, it is clear that the understanding was that the title to the property was to be conveyed and the $2,000 mortgage executed on the payment of the $1,400 note.   After the execution of the contract of sale, the

note in question was given, representing appellee's commission for procuring the purchaser. Thereupon appellant purchased the mill from the owner, taking a deed in blank, for a consideration of $3,050.

The $1,400 note was not paid at maturity, and the time of payment was extended by appellant. The appellant inserted the name of his brother, H. R. Tenant, in the blank deed, and on September 1, 1920, the latter executed a mortgage covering the mill property to the Republic Life Insurance Company, of which the appellant was secretary. This mortgage was without consideration, but was intended to be, and was, deposited by the insurance company with the insurance department of the state, for purposes of its own. The mortgage and the deed referred to were filed for record March 28, 1921, and the mortgage appears never to have been released or canceled of record. The appellant holds a deed in blank from H. R. Tenant for the property. Denny's note for $1,400 has been paid, the final payment being made January 11, 1921. The mortgage for $2,000 provided for by the contract of sale of the mill and referred to in the note in suit has never been executed by Denny. The petition in this action was filed September 23, 1922.

The court instructed the jury that the note was due, and said, in effect, that appellant was entitled to a reasonable time after its execution within which to complete the trade with Denny, secure the mortgage contemplated by the note, and realize upon or negotiate it, and that the note in suit matured and began to draw interest at the expiration of such reasonable time; and directed the jury to determine when that was. The charge appears to have followed the rule announced in *Dille v. Longwell*, 188 Iowa 606. No exceptions to the instructions were preserved by motion for a new trial or otherwise, and any error assigned predicated upon them cannot be considered. *Jamison v. Ranck*, 150 Iowa 5; *Anthony v. O'Brien*, 188 Iowa 802. Moreover, they must be deemed to state the law of the case. *Troxel v. City of Vinton*, 77 Iowa 90; *Beck v. German Klinik*, 78 Iowa 696; *Greenlee Bros. v. Eggert*, 137 Iowa 120; *Eldridge v. Stewart*, 97 Iowa 689; *Krauskopf v. Krauskopf*, 82 Iowa 535; *Baird v. Chicago, R. I. & P. R. Co.*, 55 Iowa 121; *Browne v. Hickie*, 68 Iowa 330.

1. APPEAL AND ERROR: exceptions: necessity.

Error is assigned on numerous rulings on the admission of testimony. Denny, as a witness, was permitted to testify, over objection, that he had received letters from the appellant relative to extending the time of payment of the $1,400 note. He produced the letters, which were put in evidence. Appellant subsequently admitted writing them. Clearly, there was no prejudicial error here.

2. APPEAL AND ERROR: review: harmless error.

He was further allowed to say, in reference to the statement in one of appellant's letters "If you will pay $500 and the interest to date we will agree to carry the balance for you for another year at 12 per cent as you state in your letter," that the $500 mentioned referred to the payment on the $1,400 note, and that the balance mentioned was the balance of that note. The letter in which the statement appeared was evidently in reply to a letter from the witness. The testimony was not prejudicial. There was no error in allowing this witness to testify that he had asked appellant for a deed, and that he was ready to and would have executed the note and mortgage on receipt of a deed. He was asked whether, upon his writing appellant, asking him to execute a deed and send a note and mortgage for execution, the latter took any action toward carrying that out, and was permitted to answer that he did not. The question was not vulnerable to the objection made that it was incompetent, irrelevant, and immaterial, and called for secondary evidence. We think that the witness, who was under contract to accept a conveyance of the property and execute a mortgage thereon, was rightfully permitted to testify to his knowledge of the fact that the record title stood in the name of H. R. Tenant and that the record showed that the latter had given a mortgage upon it for $2,000. However, any error in this respect was cured by the introduction of certified copies of the recorded deed and mortgage. *Amos v. Buck,* 75 Iowa 651. There was, also, no error in permitting him to state that the reason he did not close up the deal was because the $2,000 mortgage of record was uncanceled. The note for $1,400 was properly admitted in evidence, as were certain letters from appellant to Denny relating to the transaction. The appellant admitted writing the letters. A letter, or copy of a letter,—the record is not entirely clear which,—

written by Denny to the appellant as a part of the correspondence between them relating to the transaction, was admitted. The objection to its admission did not present any question of its being secondary, or that it was not shown to have been received by appellant. *Iowa Homestead Co. v. Duncombe,* 51 Iowa 525; *Buettner v. Steinbrecher,* 91 Iowa 588; *Kenosha Stove Co. v. Shedd,* 82 Iowa 540. The latter testified that, if Denny said he sent it, he did. These exhibits were properly received.

The plaintiff, as a witness, was asked if the note in suit was past due. After an affirmative answer, the appellant objected to the question, and moved to strike the answer as a con-

3. TRIAL: reception of evidence: estoppel to object.

clusion. The court was not in error in holding that the objection came too late, and in over-ruling the motion. *State v. Marshall,* 105 Iowa 38; *Aughey v. Windrem,* 137 Iowa 315; *Leipird v. Stotler,* 97 Iowa 169. Moreover, inasmuch as the court instructed that the note was due, and this is the law of the case, the answer could not have been prejudicial.

Objections were sustained to questions propounded to appellant while on the stand, as to his readiness, ability, and willingness to make a deed giving good title to Denny. The questions

4. APPEAL AND ERROR: review: harmless error.

related to the time of the trial, and not to any time previous. On any theory, his ability or readiness at that time to complete the transaction with Denny was wholly immaterial. The rights of the parties had become fixed prior to that. His present ability or willingness to secure the $2,000 mortgage from Denny could not affect the question whether he had had a reasonable time within which to do so. Nor, it being the law of the case, as we have seen, that the note in suit was then past due, could it affect the question of the date of its maturity by reason of the lapse of a reasonable time within which to secure and cash the mortgage. Moreover, appellant was permitted without objection to testify fully as to the situation of the title and his readiness and claimed ability to convey to Denny an unincumbered title. *Curnes, Eddy & Co. v. Maytum,* 187 Iowa 120; *Hamilton v. Mendota Coal & Min. Co.,* 120 Iowa 147.

Appellant was further asked what talk or correspondence he had had with Denny, touching the matter of the title and the

mortgage. The question was not limited to conversations or correspondence as to which Denny had already testified on behalf of appellee. It was not made to appear what was expected to be elicited by the question, or that the answer would have disclosed anything in addition to what the witness was permitted to testify to without objection. Objection was made to the introduction of a letter written by appellee's attorneys, who apparently also represented Denny, to appellant. The latter had testified that Denny did not comply with his request by letter a few days before, that he make settlement with a bank in Des Moines (where the mortgage to the insurance company was then held as collateral), and this letter was claimed to be a reply on behalf of Denny to that request. He admitted receiving the letter in question, and that the copy offered was correct. There was no objection that the copy was secondary, and it was properly admitted. Appellee was rightly permitted to testify in rebuttal that the extension of time to Denny, the conveyance of the mill property to H. R. Tenant, and the mortgage executed by the latter to the insurance company, were without his knowledge or consent.

We have examined the record with care, and find no reversible error.—*Affirmed.*

Arthur, C. J., Stevens and De Graff, JJ., concur.